**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lady Jennifer Barone, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>Chase Home Finance LLC,<br><br>    Defendant. | No. CV 11-08016-PCT-FJM<br><br>**ORDER** |

    The court has before it defendants' motion to dismiss remanded claims (doc. 28), plaintiff's response (doc. 29), and defendants' reply.

    In 2005, Carmine Barone, plaintiff's ex-husband entered into a loan transaction, secured by a deed of trust, with Ampro Mortgage to purchase property in Prescott, Arizona. Carmine and plaintiff became joint tenants of the property in 2007. Following a divorce in 2008, Carmine quitclaimed his interest in the property to plaintiff and plaintiff was awarded exclusive title to the property pursuant to a divorce decree. Plaintiff, however, was not a signatory on the note or deed of trust and does not allege that she ever became the obligor under the promissory note or the trustor on the deed of trust.

    At some point, the servicing of the note was transferred to defendant Chase. In July 2009, plaintiff contacted Chase to request a loan modification. Plaintiff's payments were

current. A representative from Chase informed her that she could not be considered for a modification until she was in default. Plaintiff alleges that in reliance on this statement, she missed her August 2009 payment and submitted a hardship letter. In September 2009, plaintiff received correspondence addressed to Carmine Barone from Chase to start the Home Affordable Modification Program ("HAMP") loan modification process. Plaintiff submitted the application and included the first modified payment. From October 2009 through September 1, 2010 plaintiff timely submitted trial payments of $620.00 to Chase and continued to attempt to secure a permanent loan modification. Plaintiff alleges that she submitted all requested information. Nevertheless, on October 12, 2010 a Notice of Trustee's Sale was recorded and a Trustee's Sale was scheduled for January 11, 2011. On November 19, 2010, Chase informed plaintiff that it would not accept plaintiff's request for a loan modification because plaintiff was not a party to the original underlying loan.

Plaintiff brought this action against Chase, MERSCORP Inc., and Mortgage Electronic Registration Systems Inc. The parties stipulated to postpone the Trustee's Sale (doc. 19). On April 4, 2011, Judge Teilborg granted the parties' motion to transfer the case to the consolidated multidistrict litigation, *In re Mortgage Electronic Registration System (MERS) litigation*, 09-MD-2119-JAT (doc. 25). After reviewing the complaint and motion to bifurcate, Judge Teilborg remanded certain claims to us (doc. 26). Accordingly, we now have claims 1-3 and 6 for (1) fraud in the inducement; (2) consumer fraud; (3) breach of the duty of good faith and fair dealing; and (4) unjust enrichment. Defendants seek dismissal of all four claims.

Defendants first argue that plaintiff lacks standing. Defendants contend that all of plaintiff's claims arise from the denial of her loan modification request. Because plaintiff admits that she is neither an obligor on the promissory note nor a trustor on the deed of trust, defendants assert that plaintiff does not have standing to argue that she was wrongfully denied a loan modification. Plaintiff responds that the note and deed of trust do not form the foundation of her claims. Rather, Chase's actions in "inviting plaintiff to apply for a loan modification and assumption, and the months of contact with plaintiff" underlie the claims.

Response at 7.

A party must have standing. Elk Grove Unified School District v. Newdow, 542 U.S. 1, 11, 124 S.Ct. 2301, 2308 (2004). The Constitution requires plaintiff to show that defendants' conduct caused her to suffer an injury in fact that may be redressed by a favorable judgment. Id. Here, plaintiff is not a party to the underlying promissory note or deed of trust. Although she has title to the property, there is no allegation that she became the obligor or trustor. To the extent that plaintiff's claims arise out of a refusal to modify the note and deed of trust, to which she is not a party, plaintiff lacks standing.

Even if we assume that plaintiff's claims arise not from the underlying note and deed of trust, but from her individual dealings with Chase in attempting to assume and modify the note and deed of trust, the claims fail as a matter of law. Plaintiff asserts claims for fraudulent inducement and consumer fraud. Plaintiff alleges that Chase fraudulently induced her to default on the loan and make payments toward obtaining a loan modification for which she was not even eligible. Claims for fraudulent inducement and consumer fraud require, among other things, a false representation and detrimental reliance. Nielson v. Flashberg, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966); Parks v. Macro-Dynamics, Inc., 121 Ariz. 517, 520, 591 P.2d 1005, 1008 (Ct. App. 1970) (stating that an action for consumer fraud requires that "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury"). Here, plaintiff's allegations do not support her claims as a matter of law.

Plaintiff claims she detrimentally relied on Chase's statements that she must be in default on her loan to be considered for a modification. Such a statement is not false and actually proved to be true. Once plaintiff was in default Chase considered her for a modification. See Narramore v. HSBC Bank USA, N.A., No. 09-CV-635-TUC-CKJ, 2010 WL 2732815, *9 (D. Ariz. July 7, 2011) (concluding the same).

Plaintiff also alleges that Chase misrepresented to plaintiff that she was eligible for a loan modification and assumption. Even viewing the facts in the light most favorable to plaintiff, however, all Chase ever represented to plaintiff was that it was considering her

request to assume and modify the note and deed of trust. Chase never told plaintiff that she was guaranteed a loan modification and assumption. Chase did consider plaintiff's request, but ultimately decided not to grant her the assumption and modification. Chase is under no obligation to grant loan modifications. See e.g., Puzz v. Chase Home Finance, LLC., 763 F. Supp. 2d 1116, 1121-22 (D. Ariz. 2011). Therefore, plaintiff's alleged injury of being denied a loan modification cannot support a claim for relief as a matter of law.

Plaintiff also alleges detrimental reliance by making modified loan payments, $620.00 instead of $1,395.98, to continue negotiations. These payments, however, were money already owed to Chase and allowed plaintiff to remain in her home. Regardless of plaintiff's motivations for making the payments, the only result was making payments to defendants that were already due. Plaintiff has alleged no injury for the payments, nor could she. See Narramore, 2010 WL 2732815 at *9; Steel v. JPMorgan Chase Bank, N.A., No. 2:10-CV-2263-PHX-RCJ, Dkt. No. 38 (D. Ariz. 2011). Accordingly, we dismiss plaintiff's claims for fraudulent inducement and consumer fraud.

The third claim is for breach of the covenant of good faith and fair dealing. This claim fails because plaintiff is not a party to the relevant contracts and therefore cannot allege that anyone prevented her from receiving the benefit of the bargain. See Forbes v. BlueCross and BlueSheild, 176 Ariz. 407, 409, 861 P.2d 692, 694 (Ct. App. 1993) (holding that an insurer's duty of good faith and fair dealing did not extend to insured's wife because she was not a party to the policy); FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) (finding that a wife lacked standing to assert claims arising from contract to which she was not a party). Plaintiff argues that a different "contract formed as a result of the totality of the circumstances related to the temporary loan modification agreement and assumption." In Narramore, the court considered whether negotiations related to a possible loan modification were sufficient to state a claim for breach of contract and breach of the covenant of good faith and fair dealing. 2010 WL 2732815 at *4. Absent any written agreement to negotiate in good faith or allegation of such, the court found that both claims failed as a matter of law. Id. at *5-6 see also Silving v. Wells Fargo Bank, NA, __ F. Supp. 2d __, 2011 WL 2669246,

1  *13 (D. Ariz. July 7, 2011) (stating that the covenant of good faith does not typically extend
2  to negotiations). We reach the same conclusion here.

3      Plaintiff's final claim is for unjust enrichment. Plaintiff alleges that in the event a
4  contract between her and Chase is not found, she is entitled to a return of the funds paid to
5  Chase under the doctrine of unjust enrichment because Chase accepted funds it had no right
6  to accept. One of the elements of an unjust enrichment claim is an absence of justification
7  for the "enrichment" of the defendant and the "impoverishment" of the plaintiff. Cmty.
8  Guardian Bank of Hamlin, 182 Ariz. 627, 989 P.2d 1005, 1009 (Ct. App. 1995). Here,
9  plaintiff simply made reduced mortgage payments to Chase for the home she was living in.
10 Chase had every right and justification to demand and receive the payments. Plaintiff was
11 not impoverished by making them.

12     **THEREFORE, IT IS ORDERED GRANTING** defendants' motion to dismiss with
13 prejudice (doc. 28). Because all the remaining claims are dismissed against all remaining
14 defendants, the **CLERK SHALL ENTER JUDGMENT**.

15     DATED this 19th day of August, 2011.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge